UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-10028-CR-KING/MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ORLANDO GARCIA

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Motion for Modification of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2), In Light of Amendment 750 of the U.S.S.G. Made Retroactive per §1B1.10. [DE 32]. The motion was referred to me by the Honorable James Lawrence King and is fully briefed. [33, 37, 38]. For the reasons set forth below, I recommend that the motion be denied.

**I.**    **Background**

On September 4, 2007, Garcia pleaded guilty to one count of possession with intent to distribute over five grams of crack cocaine. [DE 20, 21]. This count carried a mandatory minimum sentence of 5 years incarceration. [DE 21, ¶4]. The Presentence Investigation Report (PSI) found that Garcia was accountable for 22.5 grams of crack cocaine [DE 38-1, p. 7, ¶ 15; p. 26], a finding Garcia did not dispute. [*Id.* p. 26]. The PSI calculated a total offense level of 23 (after a three point reduction for acceptance of responsibility); given his

criminal history category of VI, the resulting guideline sentencing range was 92 to 155 months. [DE 38-1, p. 8, 16, 22]. On December 11, 2007, the Court sentenced Garcia below the guideline range, to a sentence of 78 months imprisonment. [DE 24, 25].

On July 11, 2008, Garcia filed his first motion to reduce his sentence pursuant to 18 U.S.C. § 3582, invoking amendment 706 to the Sentencing Guidelines, which reduced the base offense level for most crack cocaine offenses. [*See* DE 27, 29]. The Court denied the motion, finding that "Defendant has already been given a substantial benefit when sentenced to 78 months, which was based on a lowered base offense level of 21 instead of the applicable level of 23 at the time of sentencing." [DE 30, p. 1]. Defendant's current motion to reduce his sentence, pursuant to § 3582(c)(2), invokes Guidelines amendment 750, part A, which became retroactive on November 1, 2011. Defendant contends the amendment further reduces the guideline range applicable to him.

## II. Analysis

When the guideline range under which a prisoner was sentenced is thereafter reduced, 18 U.S.C. § 3582(c)(2) allows the prisoner to move the district court to reduce his sentence consistent with the change in the guidelines. In considering a motion to reduce a sentence, the court must engage in a two step analysis: "first, the court must determine the sentence it would have imposed given the amended guideline range, holding all other findings made at the original sentencing constant; second, the court must decide whether to impose the new sentence or retain the original one after considering, *inter alia*, the factors found in 18 U.S.C.

§ 3553(a), the danger posed to the community if the defendant's sentence is reduced, and the defendant's post-sentencing conduct." *United States v. Jules*, 595 F.3d 1239, 1242 (11th Cir. 2010).

Garcia asserts that under Amendment 750, the "base offense for 22 grams of cocaine base is reduced from level 26 to level 22 under the U.S.S.G." [DE 32, p. 3]. Again applying a 3-level reduction for acceptance of responsibility, Garcia calculates that his new sentencing base offense level is 19, with a resulting guideline sentencing range of 63 to 78 months. [*Id.*].

The government agrees that the November 2011 amendment reduced the guideline range applicable to Garcia's conviction. [DE 37, p. 4]; *see also* U.S.S.G. § 1B1.10(a), (c). However, the government correctly points out that Garcia conceded that he was accountable for **22.5 grams** of crack cocaine, not 22 grams. [*Id.*; DE 38-1, p. 7, ¶ 15; p. 26]. Under the amended guidelines, the base offense level for 22.5 grams is 24. U.S.S.G. § 2D1.1(c)(8) (November 2011).[1] Subtracting 3 levels for acceptance of responsibility, Garcia's new offense level would therefore be 21. The applicable guidelines range for a total offense level of 21, with a criminal history category of VI, is 77 to 96 months. U.S.S.G. Sentencing Table (November 2011).

Section 1B1.10(b)(2)(A) of the Sentencing Guidelines provides that, except for under limited circumstances not relevant here, "the court shall not reduce the defendant's term of

---

[1] The Guidelines Manual provides that, generally, the court shall apply, in its entirety, the manual in effect at the time of sentencing. U.S.S.G. § 1B1.11(b)(2) (November 2011).

3

imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range . . . ." U.S.S.G. § 1B1.10(b)(2)(A) (November 2011).

The Application Notes to § 1B1.10(b)(2)(A) make clear that this limitation is intended to apply where, as here, the defendant was initially sentenced to a term outside his original guideline range. U.S.S.G. 1.B1.10 (cmt. app. n. 3) (November 2011) ("If the term of imprisonment imposed was outside the guideline range applicable to the defendant at the time of sentencing, the limitation in subsection (b)(2)(A) also applies."); *see generally Dillion v. United States*, 130 S.Ct. 2683 (2010) (affirming lower court's holding that district court lacked authority to impose a sentence inconsistent with § 1B1.10).

Thus, Garcia's sentence may not be reduced below the bottom of the amended guideline range for his conviction, 77 months. Because Garcia's current sentence is 78 months, the maximum reduction in sentence available to Garcia under § 3582(c)(2) is one month.

**B.    Reduction of Garcia's sentence by one month is not warranted**

Because under the amended guideline range, Garcia's sentence could be reduced, the Court must decide whether to exercise its discretion under § 3582(c)(2) to reduce that sentence by one month. In doing so, the Court must consider "the factors found in 18 U.S.C. § 3553(a), the danger posed to the community if the defendant's sentence is reduced, and the defendant's post-sentencing conduct." *Jules*, 595 F.3d 1242.

In its previous Order Denying Defendant's Motion to Reduce Sentence, the Court noted that "Defendant has already been given a substantial benefit when sentenced to 78 months, which was based on a lowered base offense level of 21 instead of the applicable level of 23 at the time of sentencing." [DE 30, p. 1]. In other words, the original sentence, which was a significant downward departure from the original guideline range, already reflects the Court's careful consideration of the factors relevant to resentencing under § 3582(c)(2). Given the Court's original leniency in sentencing, nothing in Garcia's motion persuades me that further reduction is warranted. Therefore, upon thorough review of the record, and the factors set forth in *Jules*, I recommend that the Court not exercise its discretion to further reduce Garcia's sentence by one month.[2]

### III. Recommendation

Based on the foregoing, I respectfully recommend that:

Defendant's Motion for Modification of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2), In Light of Amendment 750 of the U.S.S.G. Made Retroactive per §1B1.10 [DE 32], be **DENIED**.

---

[2] Garcia requests appointment of counsel and an evidentiary hearing. [DE 32, p. 5]. The Eleventh Circuit has held that "there is no statutory or constitutional right to counsel for a § 3582(c)(2) motion or hearing." *United States v. Mitchell*, 330 Fed.Appx. 811, 813 (11th Cir. 2009) (quoting *United States v. Webb*, 565 F.3d 789, 795 (11th Cir. 2009)). The Court finds that under the circumstance of this case, the appointment of counsel is not warranted. Moreover, because both parties have had ample opportunity to brief the issues, no hearing is necessary. *Jules*, 595 F.3d at 1245.

### IV.     Objections

Defendant may file written objections to this Report and Recommendation with the Honorable James Lawrence King within **fourteen days** of the date of this Report and Recommendation. The government may file a response to any objections within **seven days** of its receipt of those objections. Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY RECOMMENDED in chambers at Miami, Florida this 13th day of September, 2012.

*/s/ Chris McAliley*
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc:
The Honorable James Lawrence King

Counsel of record

Orlando Garcia
90654-000
FCC Coleman-Medium
P.O. Box 1032
Coleman, FL 33521-1032